**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-20601-BLOOM/Louis**

DRAGADOS USA, INC.,

      Plaintiff,

v.

OLDCASTLE INFRASTRUCTURE, INC.,

      Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Dragados USA, Inc.'s ("Plaintiff") Verified Expedited Petition/Motion for a Temporary Restraining Order and/or Preliminary Injunctive Relief Dismissing or Staying Arbitration, ECF No. [1] ("Motion"), filed on February 11, 2020. The Court has reviewed the Motion, all related exhibits, and the applicable law, and is otherwise fully advised. For the reasons explained below, the Motion is denied.

### I. BACKGROUND

Plaintiff initiated this action on February 11, 2020, by filing the instant Motion. ECF No. [1]. A summons has not yet been issued as to Defendant Oldcastle Infrastructure, Inc. ("Defendant"), and Defendant has therefore not been served with the instant Motion.

The facts relevant to the instant Motion are as follows. In 2013, Plaintiff entered into two agreements with the Florida Department of Transportation ("FDOT") to perform construction and design work on toll roads. ECF No. [1] ¶¶ 7-8; ECF No. [1-1] ("FDOT Contracts"). Subsequently, Plaintiff entered into two subcontracts with Defendant to provide labor, materials, and services relating to the work under the FDOT Contracts. ECF No. [1] ¶¶ 9-10; ECF No. [1-2] ("Subcontracts").

Plaintiff alleges that Defendant inadequately performed certain construction services pursuant to the Subcontracts, which resulted in Plaintiff having to perform remedial work at its own expense. ECF No. [1] ¶¶ 13-17. As a result of this remedial work, Plaintiff submitted two claims through the FDOT Contracts' dispute resolution procedures to recover the costs of remedial work that Plaintiff incurred from FDOT, and the resolutions of these disputes are ongoing. *Id.* ¶ 19; ECF No. [1-3]. Defendant later filed a demand for arbitration against Plaintiff before the American Arbitration Association ("AAA") seeking to recover unpaid amounts for the services Defendant performed under the Subcontracts. ECF No. [1] ¶ 23; ECF No. [1-4].

Plaintiff alleges that Defendant's initiation of the underlying arbitration is improper and premature because the Subcontracts require (1) the resolution of Plaintiff's claims with FDOT arising from Defendant's work before any disputes between Plaintiff and Defendant can be resolved, and (2) that, as a condition precedent to arbitrating any disputes between Plaintiff and Defendant, the parties attend mediation, which they have not done here. ECF No. [1] ¶¶ 26-27; *see also* ECF No. [1-2]. As such, Plaintiff seeks a temporary restraining order or preliminary injunction staying or dismissing the pending arbitration proceeding by February 20, 2020 — the deadline for Plaintiff to file an Answer and Counterclaim in the arbitration. *See* ECF Nos. [1] & [6].[1]

## II.  ANALYSIS

The Court of Appeals for the Eleventh Circuit has explained that the four factors to be considered in determining whether to grant a temporary restraining order or a preliminary injunction are the same. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Namely, a movant must establish "(1) a substantial likelihood of success on the merits; (2) that

---

[1] In its Motion, Plaintiff originally requested a ruling from the Court by February 13, 2020. ECF No. [1] at 15. However, Plaintiff subsequently filed a Notice of Change of Requested Deadline for Expedited Ruling, ECF No. [6], stating that Plaintiff had obtained an extension of time by which to file its Answer and Counterclaim in the arbitration proceeding. Based on this extension until February 21, 2020, Plaintiff requested the Court's ruling on the Motion by February 20, 2020. *Id.*

irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Id.* at 1225-26 (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). "The primary difference between the entry of a temporary restraining order and a preliminary injunction is that a temporary restraining order may be entered before the defendant has an adequate opportunity to respond, even if notice has been provided." *Textron Fin. Corp. v. Unique Marine, Inc.*, No. 08-10082-CIV, 2008 WL 4716965, at *5 (S.D. Fla. Oct. 22, 2008).[2]

Before addressing whether these four factors have been met, however, the Court must first determine whether Plaintiff has sufficiently justified its failure to give notice to Defendant. *Emerging Vision, Inc. v. Glachman*, No. 10-80734-CIV, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010), *report and recommendation adopted*, No. 10-80734-CIV, 2010 WL 3293351 (S.D. Fla. Aug. 11, 2010). Under Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order without notice to the adverse party *only if*:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The requirements of Rule 65(b)(1) "are not mere technicalities but establish minimum due process." *Thompson v. Ramirez*, 597 F. Supp. 726, 726 (D.P.R. 1984); *see also Vaughan v. Bank of Am., N.A.*, 2010 WL 3273052, at *1 (S.D. Ala. August 18, 2010) ("The requirements of Rule

---

[2] As an initial matter, the Motion is unclear as to whether Plaintiff is seeking *ex parte* relief. To the extent that *ex parte* relief is being sought, however, the Motion fails to comply with the Local Rule on *ex parte* filings. *See* S.D. Fla. L.R. 5.4(d) (setting forth the procedure for *ex parte* filings). Nonetheless, given the lack of notice to Defendant here, the Court addresses Plaintiff's request for a temporary restraining order as a request for *ex parte* relief.

65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process."). Thus, "[t]o obtain *ex parte* relief, a party must strictly comply with these requirements." *Glachman*, 2010 WL 3293346, at *3. Moreover, *ex parte* temporary restraining orders are considered to be an extreme remedy "to be used only with the utmost caution," *Levine v. Camcoa Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995) (Hill, C.J., concurring), and "very few circumstances" justify granting such relief, *Glachman*, 2010 WL 3293346, at *4 (quoting *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006)). Ultimately, temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974).

With regard to the first requirement of Rule 65(b)(1), the Court concludes that Plaintiff has failed to set forth any specific facts that clearly show it will suffer immediate and irreparable harm "before [Defendant] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Specifically, Plaintiff's Motion argues that, absent injunctive relief, Plaintiff will be forced to engage in two separate dispute resolution proceedings on the same facts and disputed issues, thus putting Plaintiff at significant risk of inconsistent results. Likewise, Plaintiff contends that permitting the arbitration against Defendant to proceed will result in irreparable harm by forcing Plaintiff to proceed with arbitration of disputes it did not agree to subject to arbitration. Finally, Plaintiff claims that there is no adequate remedy at law that will make up for the damage it will suffer if Defendant is permitted to continue with the arbitration.

None of these alleged injuries are so immediate that they establish irreparable harm to Plaintiff before Defendant has an opportunity to be heard. Thus, an *ex parte* temporary restraining order is not warranted. *See Xylem, Inc. v. Church*, No. 8:19-CV-304-T-33TGW, 2019 WL 459144, at *3 (M.D. Fla. Feb. 6, 2019) (denying request for *ex parte* temporary restraining order where

movant did not provide specific facts "concerning any efforts made to give notice and why notice should not be required"); *Gardner v. Mutz*, No. 8:18-CV-2843-T-33JSS, 2018 WL 6061447, at *3 (M.D. Fla. Nov. 20, 2018) (same). Simply having to file an Answer and Counterclaim in the arbitration proceeding is not, in and of itself, the type of immediate injury warranting the relief requested. *Xylem, Inc.*, 2019 WL 459144, at *3; *Gardner*, 2018 WL 6061447, at *3.

Moreover, even if Plaintiff were required to proceed in two separate dispute resolution proceedings on the same facts and issues, and the ultimate resolutions in these proceedings produced inconsistent results, adequate legal remedies exist to correct any alleged injury to Plaintiff. *See, e.g.*, 9 U.S.C. §§10-11 (concerning a party's right to challenge, correct, or vacate an improper arbitral award in federal court); *Rollins, Inc. v. Garrett*, No. 6:05-CV-671-PCF-KRS, 2005 WL 2149293, at *3-4 (M.D. Fla. Sept. 6, 2005) ("The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy expended in the absence of a stay are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Ultimately, all of Plaintiff's arguments in favor of an *ex parte* temporary restraining order rest on the merits of the underlying claims subject to the arbitration. "A plaintiff, however, 'cannot obtain an *ex parte* restraining order by merely pointing to the merits of its claims.'" *Glachman*, 2010 WL 3293346, at *5 (quoting *Adobe Sys., Inc. v. S. Sun Prods., Inc.*, 187 F.R.D. 636, 640 n.3 (S.D. Cal. 1999)). Accordingly, the Court concludes that Plaintiff's alleged immediate and irreparable injuries are inadequate to justify *ex parte* injunctive relief here.

Likewise, Plaintiff's Motion fails to include a certification regarding any efforts made to give Defendant notice and is entirely devoid of any explanation for why notice should be excused here, as required under Rule 65(b)(1)(B). Plaintiff's "failure to provide the information required

under Rule 65(b)(1)(B) is fatal to its request for [a temporary restraining order] without notice." *Living v. Merscorp Inc.*, No. 1:10-CV-3410-JEC-JFK, 2010 WL 11552958, at *3 (N.D. Ga. Oct. 26, 2010), *report and recommendation adopted*, No. 1:10-CV-3410-JEC, 2010 WL 11553003 (N.D. Ga. Dec. 17, 2010); *see also Xylem, Inc.*, 2019 WL 459144, at *3; *Gardner*, 2018 WL 6061447, at *3; *Kazal v. Price*, No. 8:17-cv-2945-T-23AAS, 2017 WL 6270086, at *4 (M.D. Fla. Dec. 8, 2017) (denying motion for temporary restraining order in part because "[t]he plaintiffs' attorneys fail[ed] to submit an affidavit certifying an effort to notify [the defendant] about the motion and fail[ed] to explain the necessity for an *ex parte* order"); *Thomas-McDonald v. Shinseki*, No. CV 113-050, 2013 WL 12121316, at *1 (S.D. Ga. Apr. 3, 2013) (same).

In sum, Plaintiff has failed to satisfy the stringent requirements of Rule 65(b)(1). *See Granny Goose Foods, Inc.*, 415 U.S. at 438. Because "[a]n *ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution," the Court is unwilling to grant such relief in light of these deficiencies. *Levine*, 70 F.3d at 1194; *see also Shinseki*, 2013 WL 12121316, at *1. Therefore, Plaintiff's request for a temporary restraining order is denied.

Plaintiff's Motion alternatively requests a preliminary injunction dismissing or staying the pending arbitration. Federal Rule of Civil Procedure 65(a)(1) states that a court "may issue a preliminary injunction only *on notice to the adverse party*." Fed. R. Civ. P. 65(a)(1) (emphasis added). The record in this case, however, does not indicate that Defendant has been provided with the requisite notice under Rule 65(a)(1). In fact, as noted above, a summons has not been issued as to Defendant to date, and service has therefore not been perfected on Defendant. Given the lack of notice to Defendant in this case, Plaintiff's request for a preliminary injunction is premature at this time. As such, the request for preliminary injunctive relief is denied without prejudice.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [1]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 13, 2020.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record