UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20601-BLOOM/Louis

DRAGADOS USA, INC.,

    Plaintiff,

v.

OLDCASTLE INFRASTRUCTURE, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Dragados USA, Inc.'s ("Plaintiff") Amended Verified Expedited Petition/Motion for a Non-*Ex Parte* Temporary Restraining Order and/or Preliminary Injunctive Relief Dismissing or Staying Arbitration, ECF No. [8] ("Motion"), filed on February 14, 2020. The Court has reviewed the Motion, all related exhibits, and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### I. BACKGROUND

Plaintiff initiated this action on February 10, 2020, by filing its original Verified Expedited Petition/Motion for a Temporary Restraining Order and/or Preliminary Injunctive Relief Dismissing or Staying Arbitration. ECF No. [1]. On February 13, 2020, the Court denied the original Motion without prejudice. ECF No. [7]. Plaintiff then filed the instant Motion on February 14, 2020. ECF No. [8].

The facts relevant to the instant Motion are as follows. In 2013, Plaintiff entered into two agreements with the Florida Department of Transportation ("FDOT") to perform construction and design work on toll roads. ECF No. [8] ¶¶ 14-15; ECF No. [8-3] ("FDOT Contracts"). Subsequently, Plaintiff entered into two subcontracts with Defendant to provide labor, materials,

and services relating to the work under the FDOT Contracts. ECF No. [8] ¶¶ 16-17; ECF No. [8-4] ("Subcontracts").

Plaintiff alleges that Defendant inadequately performed certain construction services pursuant to the Subcontracts, which resulted in Plaintiff having to perform remedial work at its own expense. ECF No. [8] ¶¶ 20-23. As a result of this remedial work, Plaintiff submitted two claims through the FDOT Contracts' dispute resolution procedures to recover the costs of remedial work Plaintiff incurred from FDOT, and the resolutions of these disputes are ongoing. *Id.* ¶¶ 23-27; ECF No. [8-5]. Defendant later filed a demand for arbitration against Plaintiff before the American Arbitration Association ("AAA") seeking to recover unpaid amounts for the services Defendant performed under the Subcontracts. ECF No. [8] ¶ 30; ECF No. [8-6].

Plaintiff alleges that Defendant's initiation of the underlying arbitration is improper and premature because the Subcontracts require (1) the resolution of Plaintiff's claims with FDOT arising from Defendant's work before any disputes between Plaintiff and Defendant can be resolved; and (2) that, as a condition precedent to arbitrating any disputes between Plaintiff and Defendant, the parties attend mediation, which they have not done here. ECF No. [8] ¶¶ 26-27; *see also* ECF No. [8-4]. Thus, Plaintiff seeks a temporary restraining order or preliminary injunction staying or dismissing the pending arbitration proceeding by March 2, 2020 — the deadline for Plaintiff to file an Answer and Counterclaim in the arbitration. *See* ECF No. [8].

## II. ANALYSIS

The Court of Appeals for the Eleventh Circuit has explained that the four factors to be considered in determining whether to grant a temporary restraining order or a preliminary injunction are the same. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Namely, a movant must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury

outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Id.* at 1225-26 (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)).

Nevertheless, the Eleventh Circuit has also made it clear that "any motion or suit for a traditional injunction *must be predicated upon a cause of action*, such as nuisance, trespass, the First Amendment, etc., regarding which a plaintiff must show a likelihood or actuality of success on the merits." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) (emphasis added).

> There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6) (failure to state a claim). *See, e.g.*, *Paisey v. Vitale*, 807 F.2d 889, 892 (11th Cir. 1986) ("[T]he district court did not err in denying [the plaintiff's] motion for a preliminary injunction and dismissing the injunctive count of [the plaintiff's] complaint because [the plaintiff] has failed to state a claim for relief. . . .").
> Considering the issue from another perspective, a traditional injunction is a remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed — if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise. Of course, even if his common law, statutory, or constitutional rights have been violated, the plaintiff must also meet the other requirements for obtaining an injunction to show that an injunction is the proper remedy for such violation.

*Id.* Thus, "a party may not obtain a 'traditional' injunction if he lacks a cognizable, meritorious claim." *Id.* at 1097 n.5.

In the instant action, Plaintiff does not assert any cause of action; rather, Plaintiff seeks to enjoin the allegedly improper arbitration without doing so pursuant to some independent claim for relief. This is precisely the kind of "abstract" suit for which traditional injunctions are unavailable. *Id.* at 1097. The Eleventh Circuit in *Klay* addressed a traditional injunction issued on almost-identical facts, explaining that such injunctive relief was improper in a suit where no cause of action has been asserted:

> The injunction in this case was not a traditional injunction, and could not be

> justified as such, because the plaintiffs had no cause of action against the defendants upon which the injunction was based. The injunction the plaintiffs sought prevented the defendants from arbitrating certain claims against them. *"Wrongful arbitration,"* however, is not a cause of action for which a party may sue. . . . [Furthermore, in] initiating an arbitration . . . the defendants [] did not violate any of the plaintiffs' legally cognizable rights.

*Id.* at 1098 (emphasis added).

Plaintiff's Motion is predicated on its alleged entitlement to traditional injunctive relief in this case, despite the fact that it does not allege any independent cause of action from which this entitlement would stem.[1] Therefore, consistent with the Eleventh Circuit's reasoning in *Klay*, the Court concludes that Plaintiff's Motion must be denied because it cannot establish that it is entitled to the traditional injunctive relief sought here. As such, the instant action for injunctive relief, absent any cause of action alleging a cognizable basis for relief, warrants dismissal.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [8]**, is **DENIED**.

2. This action is **DISMISSED**.

3. The Clerk of Court is directed to **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

---

[1] It is also worth noting that, even if Plaintiff's arguments that the claims at issue are non-arbitrable are correct, "there is still no cause of action for which [it] would have a likelihood of success. Put another way, [Plaintiff] ha[s] not stated any legally cognizable claim upon which [it] could have any likelihood of success on the merits at all." *Klay*, 376 F.3d at 1112.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 20, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record